ZAGER, Justice
(concurring in part and dissenting in part).
While I agree with the decision reached by the majority in affirming the district court, I write separately to voice my disagreement with the conclusion that there may be circumstances when a timely filed amendment to add an habitual offender sentencing enhancement should not be allowed. I specifically object to the notion that the substantial rights of the defendant can be prejudiced depending on whether the defendant had prior notice that an habitual offender enhancement might be filed. Consistent with State v. Bruce, the State timely filed its motion to amend the trial information to add the habitual offender sentencing enhancement. See State v. Bruce, 795 N.W.2d 1, 3 (Iowa 2011) (“Absent a specific definition in the statute or rule, we believe the phrase ‘during the trial’ means the period of time in which the trier of fact hears evidence and makes a decision based on that evidence.”). As *198 correctly noted by the court of appeals, it is axiomatic that habitual offender statutes do not charge a separate offense or create a crime. State v. Brothern, No. 10-0319, 2012 WL 5601097, at 2 (Iowa Ct.App. Nov. 15, 2012) (citing State v. Woody, 613 N.W.2d 215, 217 (Iowa 2000)). Rather, they merely enhance punishment on the current offense. Id. Trial counsel was not ineffective for failing to object to the timely amendment.
Additionally, Brothern does not and cannot claim that this amendment prejudiced his substantial rights because it created such surprise that he had to change his trial strategy to meet the amendment. See State v. Maghee, 573 N.W.2d 1, 6 (Iowa 1997). (“An amendment prejudices the substantial rights of the defendant if it creates such surprise that the defendant would have to change trial strategy to meet the charge in the amended information.”) His trial strategy was always to deny he committed the domestic assault. The amendment created neither surprise nor necessitated a change in trial strategy.
I would simply conclude that trial counsel did not breach an essential duty by failing to object to the amendment to the trial information to add the habitual offender sentencing enhancement when the motion was timely filed. Any objection to the proposed amendment would have been without merit. I would deny Brothern’s claim of ineffective assistance of counsel for trial counsel not objecting to the amendment and leave it to postconviction proceedings to sort out any claim that trial counsel failed to advise Brothern during plea negotiations that the State could amend the trial information.
CADY, C.J., joins this concurrence in part and dissent in part.
*199 Diane K. Sholberg, as Personal Representative for the Estate of Terri A. Sholberg, Plaintiff-Appellee,
v.
Robert Truman and Marilyn Truman, Defendants-Appellants,
and
Daniel Truman, Defendant.
Docket No. 146725.
COA No. 307308.
Supreme Court of Michigan.
June 21, 2013.
Order
On order of the Court, the application for leave to appeal the November 15, 2012 judgment of the Court of Appeals is considered. We direct the Clerk to schedule oral argument on whether to grant the application or take other action. MCR 7.302(H)(1). The parties shall file supplemental briefs within 42 days of the date of this order addressing whether, and under what circumstances, a property owner who is not in possession of the property and does not participate in the conduct creating an alleged nuisance may be liable for the alleged nuisance. The parties should not submit mere restatements of their application papers.
We further ORDER that the stay issued by this Court on May 1, 2013 remains in effect until completion of this appeal.
v.
Scott Denis CRONIN, Defendant-Appellant.
Docket No. 146610.
COA No. 305525.
Supreme Court of Michigan.
June 21, 2013.
Prior report: Mich.App., 2012 WL 6097463.
Order
On order of the Court, the application for leave to appeal the December 6, 2012 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. Although we deny leave to appeal, we note that in People v. Bush, 187 Mich.App. 316, 329, 466 N.W.2d 736 (1991), affd in part and rev’d in part on other grounds sub nom People v. Harding, 443 Mich. 693, 506 N.W.2d 482 (1993), the Court of Appeals erroneously stated that the failure to move for a new trial in the trial court precludes appellate review of a “great weight of the evidence” argument. To the contrary, review of an unpreserved “great weight” issue is reviewable on appeal, subject to the “plain error” standard of review. See People v. Cameron, 291 Mich.App. 599, 616— 617, 806 N.W.2d 371 (2011).