# IN THE COURT OF APPEALS OF IOWA

No. 13-1436
Filed February 11, 2015

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**CHARLES ROBERT NEWELL,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Black Hawk County, David F.

Staudt, Judge.


          Defendant appeals the district court's denial of his motion to correct an

illegal sentence.  **SENTENCE VACATED; REMANDED FOR RESENTENCING.**


          Erin M. Carr of Carr & Wright, P.L.C., Des Moines, for appellant.

          Charles Newell, Anamosa, pro se.

          Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney

General, Thomas J. Ferguson, County Attorney, and Brad Walz, Assistant

County Attorney, for appellee.


          Heard by Danilson, C.J., Sackett, S.J.,* and Eisenhauer, S.J.*

          *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**DANILSON, C.J.**

Charles Newell appeals from the district court's order denying his motion for correction of an illegal sentence. He maintains there is no factual basis to support the imposition of the firearm enhancement. He also maintains the sentence constitutes cruel and unusual punishment in violation of the United States and Iowa Constitutions.[1] We find the sentence for the drug charge is not cruel and unusual but conclude there is no factual basis to support the imposition of the firearm enhancement in Iowa Code section 124.401(1)(e) (2013). Thus, we vacate Newell's sentence and remand for a resentencing on all counts without application of the firearm enhancement.

## I. Background Facts and Proceedings.

On February 27, 2013, the State filed a multi-count trial information charging Newell with possession of a controlled substance with intent to distribute (crack cocaine in excess of 10 grams), possession of a controlled substance with intent to distribute (benzylpiperazine), possession of a controlled substance with intent to distribute (marijuana), possession of a firearm by a felon, and three counts of drug tax stamp violation. Newell entered pleas of not guilty to each of the charges on March 11, 2013.

---

[1] In his pro se brief, Newell mentions that the district court violated his right to Due Process by denying his motion for correction of an illegal sentence without a hearing. However, he does not develop the argument or cite authority to support the claim, and we decline to consider it. *See Soo Line R.R. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994) (holding that random mention of an issue, without analysis, argument, or supporting authority is insufficient to prompt an appellate court's consideration); *see also* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite an authority in support of an issue may be deemed waiver of that issue.").

On May 20, 2013, the State amended the trial information to include the enhancements contained in sections 124.401(1)(e) (firearm) and 902.11.[2] It also amended the first count, possession of a controlled substance with intent to distribute (crack cocaine), from more than ten grams to more than fifty grams. The amended trial information and minutes of testimony established that the State would present evidence of the following: On February 16, 2013, members of the Tri-County Drug Enforcement conducted a traffic stop of Newell after an extended period of surveillance. The officers stopped Newell for not having valid license plates on the vehicle and for driving with a suspended license. After transporting Newell to the police station, officers conducted a strip search and found a package containing ecstasy on his person. During the interrogation, Newell made multiple admissions regarding drug activity and the residence where he was staying with his girlfriend, Gakovic. After obtaining a warrant to search the residence, officers searched the home and found a loaded hand gun, 78 grams of crack cocaine, 204 benzylpiperazine pills, and approximately 71 grams of marijuana. Newell was thirty-six years old at the time of his arrest.

On May 24, 2013, Newell entered into a plea agreement. If found guilty of all of the charges against him, Newell faced a maximum sentence of 145 years in prison and a requirement that he serve a mandatory minimum of "at least one-half" of the maximum term due to a prior forcible felony, pursuant to section

---

[2] Section 902.11 provides, in part:

> A person serving a sentence for conviction of a felony, who has a criminal record of one or more prior convictions for a forcible felony or a crime of a similar gravity in this or any other state, shall be denied parole or work release unless the person has served at least one-half of the maximum term of the defendant's sentence.

902.11. In exchange for his guilty pleas, the State agreed to remove the section 902.11 enhancement on the charges. Newell agreed the court could rely on the minutes of testimony to establish a factual basis and proceeded to plead guilty to each count.[3] Newell then waived his right to delay sentencing and was immediately sentenced.

The district court sentenced Newell to an indeterminate term not to exceed one hundred years for possession of more than fifty grams of crack cocaine with intent to deliver while in immediate possession or control of a firearm. *See* Iowa Code § 124.401(1)(a)(3), .401(1)(e). The offense of possession of crack cocaine in excess of fifty grams in violation of section 124.401(1)(a)(3) is a class "B" felony that carries a term not to exceed fifty years. Iowa Code § 124.401(1)(a). Newell's sentence was doubled based upon section 124.401(1)(e), which provides, "A person in immediate possession or control of a firearm while participating in a violation of this subsection shall be sentenced to two times the term otherwise imposed by law, and no such judgment, sentence or part thereof shall be deferred or suspended." The sentence also required Newell to serve a mandatory minimum of one-third of the term before becoming eligible for parole, pursuant to section 124.413. The sentences for the remaining charges were ordered to run concurrently with the sentence for the crack cocaine charge.

---

[3] Count I: possession of a controlled substance with intent to distribute (crack cocaine in excess of fifty grams) while in possession or control of a firearm; count II: possession of a controlled substance with intent to distribute (benzylpiperazine); count III: possession of a controlled substance with intent to distribute (marijuana); count IV: possession of a firearm by a felon; and counts V—VII: drug tax stamp violation.

On August 26, 2013, Newell filed a motion for reconsideration of sentence and correction of illegal sentence, pursuant to section 902.4. The State resisted the motion.

On August 28, 2013, the district court denied the motion without a hearing. Newell appeals.

**II. Standard of Review.**

"The court may correct an illegal sentence at any time." Iowa R. Crim. P. 2.24(5)(a). We review a district court's ruling on a motion to correct an illegal sentence for the correction of errors at law. *State v. Maxwell*, 743 N.W.2d 185, 190 (Iowa 2008).

The defendant asserts his sentence is cruel and unusual, in violation of the State and Federal Constitutions. We review constitutional claims de novo. *State v. Oliver*, 812 N.W.2d 636, 639 (Iowa 2012).

**III. Discussion.**

**A. Factual Basis for Enhancement.**

In Newell's pro se reply brief, he maintains the imposition of the firearm enhancement was "bogus" because "it is doubtful the State has provided a factual basis to support a guilty plea." He maintained that because he was not in the home at the time of the search, he did not have immediate possession or control of the firearm as required to trigger the sentencing enhancement found in Iowa Code section 124.401(1)(e). We ordered supplemental briefing on the issue. In assessing Newell's claim, we review the entire record before the district court. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013) ("On a claim that a

plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined.").

In *State v. Eickelberg*, 574 N.W.2d 1, 2 (Iowa 1997), our supreme court noted that whereas cases involving possession of controlled substances allow for actual possession or constructive possession, Iowa Code section 124.401(1)(e) requires *immediate* possession or control. The court stated that immediate possession requires "the firearm to be located on the defendant's person" and immediate control requires the firearm to "be in close proximity to the defendant as to enable him to claim immediate dominion over the firearm." *Eickelberg*, 574 N.W.2d at 4.

Here, the State concedes Newell was not near the weapon at the time of his arrest or when the officers found the weapon. However, this is not determinative. The immediate control or possession of a firearm for the enhancement need only have occurred while Newell was "participating" in the crime, rather than being required to have occurred at the time of his arrest. *See* Iowa Code § 124.401(1)(e); *see also State v. Franklin*, 564 N.W.2d 440, 444 (Iowa Ct. App. 1997). A person "participates" in a crime "commencing with the first act done directly toward the commission of the offense and for the purpose of committing that offense, and terminating when the person has been arrested or has withdrawn from the scene of the intended crime and has eluded pursuers." Iowa Code § 702.13.

Notwithstanding, neither Newell's statements during the plea colloquy nor the minutes of testimony provide a sufficient factual basis that either Newell or Gakovic were in control or possession of the firearm while participating in the

crime of possession with intent to deliver. One of the officer's reports mentions a picture found on Gakovic's phone of her holding the firearm, but the picture is not in the record, and we do not know when or where it was taken. Additionally, the record does not reveal where the gun was found within the home or where it was found in relation to the confiscated drugs. Neither Newell nor Gakovic were in the home when the officers found the weapon, and our record does not reflect that either made admissions of possession or control of the firearm.[4]

These facts are distinguishable from *Eickelberg*, where the police found a firearm and marijuana in the same bedroom closet while in the presence of the defendants. 574 N.W.2d at 2. In *Eickelberg*, our supreme court found that the defendants were in control of the firearm because "[a]ll it would have taken for the defendants to gain actual possession of the weapons was take one or two large steps toward the closet." *Id.* at 5. The court further found the defendants were in possession of the firearm while participating in the crime, the manufacture of marijuana, because the defendants admitted their knowledge about the growing of marijuana on the premises. *Id.* at 6. The mere presence of drugs and a handgun in the same house is not a sufficient factual basis to support the imposition of the firearm enhancement because Iowa Code section 124.401(1)(e) requires the firearm to be in *immediate* possession or control.

We acknowledge that Newell tendered his plea on the basis of an *Alford* plea[5] and premised upon aiding and abetting Gakovic's immediate possession

---

[4] The facts reflect that Gakovic was leaving the residence in a vehicle when the officers approached the residence with the search warrant. Gakovic was stopped, arrested, and transported to jail.

[5] *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

8

and control of the firearm. Nonetheless, the record needs to establish a sufficient factual basis for the fifty-year firearm enhancement, although not proof beyond a reasonable doubt. *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999); *see also State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). In our search for a factual basis, we have reviewed, "(1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence," and we find insufficient facts to support imposition of the enhancement.[6] *Ortiz*, 789 N.W.2d at 768.

The State maintains, if the enhancement constituted an illegal sentence, we should vacate Newell's pleas and return the State to its prior position. Newell maintains that the proper remedy is to vacate his sentence and remand for resentencing without application of the enhancement.

In cases where a factual basis for a guilty plea is lacking but may be established on remand, our supreme court has stated the State does not get the benefit of the bargain if a factual basis is not subsequently established. *State v. Gines*, 844 N.W.2d 437, 442 (Iowa 2014). In those situations, "we must put the State back in the position it was in before making the plea agreement." *Id.* (citing *State v. Allen*, 708 N.W.2d 361, 369 (Iowa 2006)). In fact, in those circumstances the State is permitted to "file any additional charges supported by

---

[6] During the plea colloquy, the prosecutor stated, "With regards to the firearm, there are minutes of testimony that do state that the firearm was located in the house where surveillance showed that [Newell] had been staying and where the drugs were also located at that time." For the reasons previously stated, we find this statement insufficient to establish *immediate* possession or control. We have been unable to locate a presentence investigation report in the record.

available evidence." *Gines*, 844 N.W.2d at 442. However, here there was a factual basis for the underlying charge but not for the enhancement.

We find the proper remedy is controlled by *State v. Woody*, 613 N.W.2d 215, 217–18 (Iowa 2000). In *Woody*, our supreme court found the proper remedy for correcting an illegal sentence where there was no factual basis for a habitual offender enhancement was to vacate the illegal sentence and remand for resentencing, rather than allowing the State to reinstate the charges. 613 N.W.2d at 218. As in *Woody*, the State added the sentencing enhancement at a later date, perhaps to convince Newell to plead guilty. *Id.* In *Woody* our supreme court stated, "While we acknowledge the State had prosecutorial discretion to add the habitual-offender count, we think the State should bear the consequences of a decision that was based on the State's wrong assumption that the habitual-offender statute applied." *Id.* Similarly, the State should bear the consequences on its wrong assumption that the firearm enhancement applied to Newell.

Because the plea agreement involved multiple charges, we remand for resentencing on all counts rather than sever the sentence. *See State v. Keutla*, 798 N.W.2d 731, 735 (Iowa 2011) (noting the court's discretion to remand for resentencing, even when sentences are severable, and concluding it is appropriate to do so upon reversal of part of an "interconnected" sentence); *see also State v. Madsen*, 813 N.W.2d 714, 730–31 (Iowa 2012) (where the court remanded for resentencing even though the district court had imposed consecutive sentences because "the district court considered the fact [the

defendant] was convicted on three counts when imposing the consecutive maximum sentences").

### B. Cruel and Unusual Punishment.

The Eighth Amendment to the United States Constitution and article 1, section 17 of the Iowa Constitution prohibit the infliction of "cruel and unusual" punishment. "This basic concept stands for the proposition that even guilty people are entitled to protection from overreaching punishment meted out by the [S]tate." *State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009). In recent cruel and unusual punishment cases, the Iowa Supreme Court has followed the federal analytical framework but has adopted "a more stringent review than would be available under the Federal Constitution," and we take the same approach in this case. *See State v. Null*, 836 N.W.2d 41, 51 (Iowa 2013) (citing *Bruegger*, 773 N.W.2d at 883–86).

Here, Newell contends the sentencing disparity between crack and powder cocaine is categorically unconstitutional. Specifically, he notes that he would have had to possess with intent to deliver more than 500 grams of powder cocaine to receive the same fifty-year sentence that he received for more than 50 grams of crack cocaine. He also contends the sentence he received is grossly disproportionate because fifty years is overly harsh for a first-time, nonviolent offense.[7]

---

[7] Following the United States Supreme Court ruling in *Graham v. Florida*, 560 U.S. 48, 61 (2011), "[T]he federal lexicon for Eighth Amendment analysis no longer includes the terms 'facial challenge' and 'as-applied challenge.'" *State v. Oliver*, 812 N.W.2d 636, 639–40 (Iowa 2012). "Instead, the defendant must challenge his sentence under the 'categorical' approach or make a 'gross proportionality challenge to [the] particular defendant's sentence.'" *Id.* (quoting *Graham*, 560 U.S. at 61).

*1. Categorical Challenge.* "[C]ategorical challenges to a particular sentence can be based on either the characteristics of the crime or the criminal." *Oliver*, 812 N.W.2d at 641. In this case, Newell argues the sentencing disparity between crack and powder cocaine is categorically unconstitutional.

In analyzing Newell's categorical challenge, "we will first look for evidence of a national consensus against the use of this penalty for this crime." *Id.* (citing *Graham*, 560 U.S. at 61). "We will then consider the culpability of the offenders, as well as the severity of their crimes, and whether legitimate penological goals are served by the punishment [in question]." *Id.*

*National Consensus.* Newell maintains that the national consensus has recently shifted and "overly harsh sentences brought on by the 'war on drugs'" are being revisited.

We agree with Newell that there has been a recent shift on drug sentencing. For example, in the Fair Sentencing Act of 2010, Congress adjusted the amount of crack cocaine base necessary to trigger mandatory-minimum sentences, ultimately reducing the disparity in sentencing for crack and powder cocaine from 100:1 to 18:1. Notwithstanding, the disparity in Iowa Code sections 124.401(1)(a)(2) and 124.401(1)(a)(3) is well below the federal standard, with only a 10:1 disparity. Further, Newell has not cited any authority to show that the disparity allowed by Iowa law is more than other states.

*Offender's Culpability and Goals of Punishment.* We next consider "whether the challenged sentencing practice serves legitimate penological goals." *Oliver*, 812 N.W.2d at 646 (quoting *Graham*, 560 U.S. at 67). "The United States Supreme Court has recognized four legitimate penological justifications:

retribution, deterrence, incapacitation, and rehabilitation." *Id.* "Criminal punishment can have different goals, and choosing among them is within a legislature's discretion." *Id.* In this case, we are reviewing a statute which codifies a disparity in sentencing for the offenses of selling crack versus powder cocaine at a 10:1 ratio.

In reviewing the federal statute that treated one gram of crack cocaine as the equivalent of one hundred grams of powder cocaine, the Sixth Circuit found the federal law's treatment did not violate the Eighth Amendment because "the penalty scheme bears a reasonable relation to a legitimate end." *See United States v. Williams*, 962 F.2d 1218, 1227 (6th Cir. 1992). The court reasoned:

> First, Congress was concerned that crack is a purer drug than cocaine and the speed with which it progresses to the brain "produces a significantly different effect that increases the likelihood of addiction." Second, we stated that Congress was clearly concerned that the special attributes of crack—its small size and cheap price per dose—could create other societal problems that required remedying. Senators noted that because crack is sold in small doses (called "rocks") it is easier to transport and use, thereby increasing the difficulty of suppressing addiction. The cheap price of each "rock" also permits children to afford cocaine for the first time, thereby exposing another segment of American society to drug addiction.

*Id.* (internal citations omitted). Considering the same disparity, the Third Circuit found:

> There are reasonable grounds for imposing a greater punishment for offenses involving a particular weight of cocaine base than for comparable offenses involving the same weight of cocaine. These grounds include differences in the purity of the drugs, the dose size, the method of use, the effect on the user, and the collateral social effects of the traffic in the drug.

*United States v. Frazier*, 981 F.2d 92, 95–96 (3rd Cir. 1992).

Certainly the Iowa legislature may choose to reduce or eliminate the disparity. But because the disparity in Iowa Code section 124.401(1)(a)(2) and .401(1)(a)(3) is less than the accepted federal disparity, and because there are reasonable grounds for punishing the two offenses differently, we find the disparity in sentencing is not categorically unconstitutional.

*2. Gross Proportionality Challenge.* Newell also contends the sentence he received is grossly disproportionate because fifty years is overly harsh for a first-time, nonviolent offense. To determine whether Newell's sentence is grossly disproportionate to his crime, we apply the three-step test developed in *Solem v. Helm*, 463 U.S. 277, 290–92 (1983) (outlining the objective criteria to consider as "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions"). The first criteria acts as an initial barrier that is difficult to cross. *See Bruegger*, 773 N.W.2d at 873 (noting "it is a rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality"). Only if a challenge survives this threshold test do we progress to the second and third *Solem* prongs. *Id.*

During our proportionality review, we are mindful of four principles. *Oliver*, 812 N.W.2d at 650. First, we accord great deference to legislative determinations of punishment and realize a sentence need not adhere to strict proportionality to remain constitutional. *See Bruegger*, 773 N.W.2d at 872 (opining that "a reviewing court is not authorized to generally blue pencil criminal sentences to advance judicial perceptions of fairness"); *see also Ewing v. Cal.,*

538 U.S. 11, 28 (2003) (emphasizing a reviewing court does not "sit as a 'superlegislature' to second-guess policy choices"). Second, although we impose a more rigorous review under the Iowa Constitution than under its federal counterpart, it remains rare that a sentence is so grossly disproportionate to the offense that it satisfies the threshold inquiry under *Solem. Oliver,* 812 N.W.2d at 650 (citing Iowa cases in which defendants failed to meet this preliminary standard). Third, we regard a recidivist offender as more culpable and, therefore, more deserving of a longer sentence than a first-time offender. *Id.* Fourth, the unique features of a case may "'converge to generate a high risk of potential gross disproportionality.'" *Id.* at 651 (quoting *Bruegger*, 773 N.W.2d at 884).

After considering the features of Newell's case, we cannot say the fifty-year sentence leads to an inference of gross disproportionality. Newell admitted he lives at Gakovic's residence where the drugs were found. He also admitted he delivers drugs to people and that, at the time the officers stopped him, he was driving back from Detroit, Michigan, where he had traveled to purchase drugs. Newell was thirty-six years old at the time of his arrest. Although the fifty-year sentence was not based on recidivism, Newell has a criminal history including felonies. This case is not the "rare" circumstance where the sentence was so grossly disproportionate to the crime to warrant further review. *Oliver*, 812 N.W.2d at 650. Because the punishment does not create an inference of gross disproportionality, we need not consider the second and third factors of *Solem. See id.* at 653.

**IV. Conclusion.**

We find there is no factual basis to support the imposition of the firearm enhancement in Iowa Code section 124.401(1)(e).  We also find that the sentence for the drug charge is not cruel and unusual.  Thus, we vacate Newell's sentence and remand for a resentencing on all counts without application of the firearm enhancement.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**