# IN THE COURT OF APPEALS OF IOWA

No. 15-0512
Filed May 11, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**RICKY L. GRAY,**
　　　　Defendant-Appellant.

_____

Appeal from the Iowa District Court for Dallas County, Susan A. Cox, District Associate Judge.

Defendant appeals from his conviction for possession of a controlled substance, second offense. **REVERSED AND REMANDED.**

Joey T. Hoover of Hoover Law Firm, P.L.L.C., Winterset, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Katherine M. Krickbaum (until her withdrawal), Assistant Attorneys General, for appellee.

Considered by Vaitheswaran, P.J., Mullins, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

On February 21, 2015, Ricky Gray was stopped for speeding. The police officer who stopped him observed what appeared to be an illegal controlled substance in Gray's possession. Gray was arrested for possession of marijuana. He entered a written guilty plea to possession of a controlled substance (second offense) in violation of Iowa Code section 124.401(5) (2015). Gray admitted, as part of the factual basis for the plea, that his first conviction of possession of marijuana occurred in Illinois.

Gray argues, and the State concedes, that an out-of-state conviction for marijuana possession cannot form a factual basis for a "second offense" charge of possession of marijuana. *See* Iowa Code § 124.401(5) ("A person who commits a violation of this subsection and who has previously been convicted of violating *this chapter* . . . ." (emphasis added)). This statutory scheme stands in contrast to those involving other violations of the same chapter. *See id.* § 124.411(2) ("[A]n offense is considered a second or subsequent offense [after a prior conviction] under this chapter or under *any* state or federal statute . . . ." (emphasis added)), (3) ("This section does not apply to offenses under section 124.401, subsection 5.").

Gray contends he received ineffective assistance of counsel because his attorney allowed him to plead to a charge with no factual basis. We consider ineffective-assistance claims on direct appeal if the record is sufficient. *State v. Casady*, 597 N.W.2d 801, 807 (Iowa 1999). We find the record is sufficient here. We review claims of ineffective assistance of counsel de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To succeed on such a claim, a defendant

must prove by a preponderance of the evidence that (1) his counsel failed to perform an essential duty and (2) counsel's failure resulted in prejudice. *Id.* We first address the issue of whether Gray's counsel failed to perform an essential duty.

To establish a breach of an essential duty, Gray must show his attorney's performance fell below the standard of a "reasonably competent attorney." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The ultimate test is whether under the entire record and totality of the circumstances counsel's performance was within the normal range of competency. *Osborn v. State*, 573 N.W.2d 917, 922 (Iowa 1998). Improvident trial strategy, miscalculated tactics, or mistakes in judgment do not necessarily amount to ineffective assistance of counsel. *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991). There is a strong presumption of counsel's competence. *Id.* "We will not find counsel incompetent for failing to pursue a meritless issue." *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).

Habitual-offender statutes do not charge a separate offense; instead, they provide for enhanced punishment on the current offense. *State v. Brady*, 442 N.W.2d 57, 58 (Iowa 1989). Subsection 124.401(5) operates like such statutes by enhancing penalties. *See State v. Freeman*, 705 N.W.2d 286, 291 (Iowa 2005) (noting "the legislature amended section 124.401(5) to include the enhanced penalty provisions for recidivism"). "A trial information which charges a prior violation for enhancement of punishment of the charged offense does not make the prior violation an element of the crime charged in the trial information." *State v. Schultz*, 604 N.W.2d 60, 62 (Iowa 1999) (discussing operating while intoxicated charges). In these cases, the number of prior offenses is not an

element of a pending charge of the same type, but only impacts the penalty in the event guilt is found. *Id.* Here, Gray did not plead guilty to habitual-offender status "because he could not." *State v. Woody*, 613 N.W.2d 215, 218 (Iowa 2000). Rather, he pled guilty to a possession-of-controlled-substance charge and admitted his previous conviction. *See id.* Therefore, as in *Woody*, the plea here was valid, and counsel did not fail to perform this essential duty. We therefore conclude Gray's ineffective-assistance claim fails.

We do not end our inquiry there, however. Gray's judgment of conviction was entered as a second offense. As this was not supported by the factual basis, we must remand for entry of judgment as possession of a controlled substance, first offense. Further, Gray's sentence must also be addressed. In *Woody*, the defendant received an illegal sentence, and our supreme court therefore vacated the illegal sentence and remanded for a correct one. *See id.* "An illegal sentence is one that is not permitted by statute." *Id.* at 217. An enhanced sentence based on purported habitual-offender status where the habitual-offender statute does not apply is not permitted by statute and is therefore illegal. *Id.*; *see also State v. Gordon*, 732 N.W.2d 41, 44 (Iowa 2007). The lack of an objection to an enhanced sentence is not fatal because the judgment may be modified by our court "even in the absence of objection." *State v. Ortiz*, 618 N.W.2d 556, 561 (Iowa 2000); *see also State v. Tornquist*, 600 N.W.2d 301, 307 (Iowa 1999) (holding improper enhancement of sentence may be corrected at any time); *State v. Austin*, 503 N.W.2d 604, 607 (Iowa 1993) (holding an illegal sentence is void and must be vacated, even without objection by defendant at trial).

Here, the sentence Gray received was within the guidelines for possession of a controlled substance, *first* offense. Gray was sentenced to twelve days in jail and a fine of $315. *See* Iowa Code § 124.401(5) ("If the controlled substance is marijuana, the punishment shall be by imprisonment in the county jail for not more than six months or by a fine of not more than one thousand dollars, or by both such fine and imprisonment for a first offense."). He was also ordered to pay a $125 law enforcement initiative surcharge and a $10 drug abuse resistance education surcharge. *See* Iowa Code §§ 911.3(1), 911.2(1). Technically, this sentence fits within that statutorily prescribed for a conviction of possession of marijuana as either a first or second offense and would not ordinarily be illegal.

However, because the conviction, which we must now reverse, was as a second offense, the sentencing court must have considered this as a second offense in imposing the sentence. This would be an improper factor for the court to consider. *State v. Sailer*, 587 N.W.2d 756, 761 (Iowa 1998) ("[A] sentencing court may not consider unproven offenses in determining the appropriate sentence for a defendant."). Thus, the sentence is illegal and requires a resentencing. *See State v. Allbee*, No. 13-0321, 2014 WL 1245329, at *3 (Iowa Ct. App. Mar. 26, 2014) ("The convictions to which Allbee admitted were not sufficient to classify him as a . . . habitual offender. Consequently, his enhanced sentence was illegal.").

We therefore reverse Gray's conviction as a second offense, and remand for proceedings consistent with this opinion—correction of the conviction to a first

offense possession charge, as the parties agree is correct, with sentencing to proceed accordingly.

**REVERSED AND REMANDED.**