# IN THE COURT OF APPEALS OF IOWA

No. 15-1657
Filed June 29, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DERRICK JUSTIN GREEN,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, James D. Coil, District Associate Judge.

Derrick Green appeals his sentence following his guilty plea to domestic abuse assault causing bodily injury. **SENTENCE VACATED IN PART AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl A. Soich and Kevin R. Cmelik, Assistant Attorneys General, for appellee.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Derrick Green has appealed, arguing one brief point: "The district court lacked authority to order Green to serve a jail sentence concurrent with a prison sentence not yet imposed in a separate case."

On August 31, 2015, Green filed a written guilty plea to domestic abuse assault causing bodily injury, a serious misdemeanor, in violation of Iowa Code section 708.2A(2)(b) (2015). His written plea recited, in relevant part, an agreement as to the sentence: "1 year concurrent with OWCR 203126 and SRCR 200848, to be served in prison." On that same day, he personally appeared in court with counsel. The court accepted his plea, sentenced him per the agreement to 365 days in the county jail to be served commencing on October 1, 2015, instructed the sheriff to transport Green to the Oakdale Classification Center to the custody of the director of the department of corrections, and ordered the sentence to run concurrent with Green's sentences in cases OWCR 203126 and SRCR 200848. Green had not yet been sentenced in the OWCR or SRCR cases.

Green is correct the court had no authority to sentence him concurrently to sentences not yet imposed. *See State v. Kohl*, No. 03-1633, 2004 WL 894601, at *3 (Iowa Ct. App. Apr. 28, 2004). The fact that he invited—nay, specifically requested—imposition of an illegal sentence does not negate his right to challenge the sentence. *See Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001); *State v. Woody*, 613 N.W.2d 215, 218 (Iowa 2000). The authorities cited by the State in support of its argument that Green "waived any complaint about a

sentence to which he affirmatively agreed," do not support waiver as to an illegal sentence.[1]

Green's brief raises concerns about the potential impact of the sentence in this case on the sentencing proceedings in the other two cases. But those other two cases are not before us, and we have no record of those proceedings to review. We will not speculate as Green invites us to do. His reply brief states an appeal is pending briefing on the other two cases.

A resentencing hearing, as he requests, would be a waste of valuable resources. Green's complaints are that the district court should not have ordered concurrent sentences and, correspondingly, should not have ordered transport to Oakdale. *See* Iowa Code §§ 901.7, 901.8, 903.4. We vacate the paragraphs of the August 31, 2015, sentencing order directing the sheriff to transport Green to Oakdale and to the custody of the director of the department of corrections and ordering the sentence to run concurrent to cases OWCR 203126 and SRCR 200848. We remand to the district court for entry of a corrected sentencing order that removes the vacated paragraphs, without further hearing or resentencing proceedings.

**SENTENCE VACATED IN PART AND REMANDED.**

---

[1] The State's brief states:
> *See State v. Washington*, 257 N.W.2d 890, 893 (Iowa 1977) ("A party to a criminal proceeding will not be permitted to complain of error . . . he himself has acquiesced in, committed, or invited.'" (citation omitted));
> *State v. Hinkle*, 229 N.W.2d 744, 750 (Iowa 1975) ("Assuming arguendo a proper objection had been timely made, defendant complains of a self-inflicted wound . . . . This self-induced error, if error at all, cannot be asserted by defendant.").

The omitted text from each quote makes reference to an "error with respect to the admission or exclusion of evidence." The State cites no authority in support of such a waiver in a sentencing proceeding.