# IN THE COURT OF APPEALS OF IOWA

No. 19-2061
Filed February 17, 2021

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**RICARDO RODRIGUEZ,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Jefferson County, Joel D. Yates, Judge.

　　After pleading guilty, the defendant challenges the sentencing hearing and his sentences. **SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

　　Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

　　Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

　　Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**GREER, Judge.**

As part of a plea agreement in which the State dismissed other charges against him, Ricardo Rodriguez pled guilty to the reduced charge of possession with intent to deliver (methamphetamine), a class "C" felony; and possession, third or subsequent offense (heroin), a class "D" felony. *See* Iowa Code § 124.401(1)(c)(6), (5) (2019). He was sentenced to a term of incarceration not to exceed ten years on the "C" felony and a term not to exceed five years on the "D" felony; the court ordered him to serve the two sentences consecutive to one another. Judgment was entered on November 12, 2019. On appeal, Rodriguez challenges his sentencing hearing and his sentence, so he has "good cause" to appeal. *See* Iowa Code § 814.6(1)(a)(3) (Supp. 2019) (providing the right to appeal from a conviction entered upon a guilty plea only when the conviction is for a class "A" felony or the defendant establishes good cause); *State v. Boldon*, ___ N.W.2d ___, ___, 2021 WL 297435, at *4 (Iowa 2021) (finding "good cause" for an appeal where the defendant does not challenge the guilty plea but "[i]nstead . . . challenges the sentencing hearing and his sentence").

Specifically, Rodriguez contends the district court failed to state adequate reasons on the record for the sentence it imposed. *See* Iowa R. Crim. P. 2.23(3)(d). He also maintains the court imposed an illegal sentence because he did not have two qualifying predicate convictions to be sentenced for a third or subsequent offense under section 124.401(5).[1] We consider Rodriguez's second claim first. Our review is for errors at law. *Freeman*, 705 N.W.2d at 287.

---

[1] The State argues this claim actually attacks Rodriguez's plea and therefore he is barred from bringing it due to the application of section 814.6(1)(a)(3). But, as the

Under section 124.104(5), "[a] person who commits a violation of this subsection and has previously been convicted two or more times of violating this chapter . . . , is guilty of a class 'D' felony." But "each offense must be complete as to a conviction and sentencing before commission of the next in order to qualify for the enhancement of penalty" under section 124.104(5). *Id.* at 291. In other words, a defendant must be convicted of and sentenced on the first offense before committing the second offense for both to count toward the enhancement in section 124.104(5). As the State concedes, that did not happen here. Rodriguez had two prior drug convictions at the time he was found to be in possession of heroin, but judgment was entered in both of those prior cases on April 11, 2016—not chronologically.

Because Rodriguez and the State agree the district court erred in sentencing Rodriguez as a third or subsequent offender, the main point of contention is the proper remedy. Rodriguez contends his sentence is void and we must remand for resentencing. The State argues we should go further, vacating

---

State also recognizes, our supreme court has considered similar claims as pertaining to the illegality of the sentence. *See State v. Freeman*, 705 N.W.2d 286, 291–92 (Iowa 2005) (concluding the defendant's sentence was illegal when he was sentenced as a third or subsequent offender under section 124.401(5) because "the district court should not have considered [him] as a third offender, because he did not commit his second offense after his first conviction"). Relying on Iowa Supreme Court precedent and "the well-established principle that sentences imposed without statutory authorization are illegal and void," we conclude Rodriguez's challenge is to the legality of his sentence. *State v. Louisell*, 865 N.W.2d 590, 597 (Iowa 2015); *see also State v. Gordon*, 732 N.W.2d 41, 43 (Iowa 2007) (recognizing a defendant does not plead guilty to a sentencing enhancement; the defendant pleads guilty to the underlying crime and then admits previous convictions that may trigger the enhancement at sentencing).

Rodriguez's pleas and the plea agreement and allowing the State to reinstate the original charges if it chooses.

Rodriguez argues *State v. Woody*, 613 N.W.2d 215, 217 (Iowa 2000), is applicable here because it is his sentence—not the pleas—that are in error. In *Woody*, it was determined the habitual offender enhancement did not apply only after the State agreed to dismiss a charge and the defendant agreed to admit to being an habitual offender. 613 N.W.2d at 217. Like here, the State admitted on appeal the enhancement was inapplicable and argued it should be allowed to reinstate the original charges against the defendant. *Id.* Our supreme court disagreed, concluding, "The plea was valid; only the sentence was illegal." *Id.* at 218. Rodriguez points out that under the same circumstances as his case, our supreme court vacated the sentence and remanded for resentencing.[2] *See Freeman*, 705 N.W.2d at 291–92.

The State asks us to adopt the remedy provided in *Ceretti* rather than the remedy found in *Woody*, although somewhat conceding *Woody* seems more on point. *See State v. Ceretti*, 871 N.W.2d at 96–98 (vacating all convictions and sentences to allow the State to negotiate a new plea deal or try the case after the court determined the guilty pleas to attempted murder and willful injury, as included offenses of voluntary manslaughter, required the convictions merge into one offense). Nonetheless, we will not ignore precedent. *Ceretti* addresses both an

---

[2] This result is also logically consistent. The State insists Rodriguez has no right to challenge his pleas on appeal due to the application of section 814.6(1)(a)(3) but then asks for a remedy undoing those guilty pleas. Insofar as Rodriguez's "good cause" to appeal is limited to challenging his sentence, we think the remedy should be similarly constrained.

improper conviction and an improper sentence, where here our analysis is focused on an improper sentence, as *Woody* addressed. *Compare Ceretti*, 871 N.W.2d at 97, *with Woody*, 613 N.W.2d at 217. While the State cherry-picks from the language in *Ceretti* to formulate a "favorable plea bargain" argument, we are not persuaded to follow this approach. 871 N.W.2d 97-98.

After considering the arguments made and authorities cited by each, we conclude the proper remedy is to vacate Rodriguez's sentences and remand for resentencing. Just as in *Woody*, "we think the State should bear the consequences of a decision that was based on the State's wrong assumption that the [enhancement] applied." 613 N.W.2d at 218. Thus, we vacate Rodriguez's sentences and remand for resentencing.[3]

**SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

---

[3] Rodriguez should be resentenced on both convictions on remand. *See State v. Keutla*, 798 N.W.2d 731, 735 (Iowa Ct. App. 2011) (providing that court can, where an improper or illegal sentence is severable from the valid portion of the sentence, vacate just the invalid part but "[w]e are not required to do so and may remand for resentencing"). "[I]f it is not possible to sever the illegal portion of the sentence, we should remand for resentencing." *Id.* Here, it is not possible to sever, as the State concedes the district court failed to state adequate reasons on the record for imposing consecutive sentences. *See State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016).