# IN THE COURT OF APPEALS OF IOWA

No. 24-1848
Filed October 29, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RICHARD ALLEN SHARPLES,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Jeffrey C. McDaniel,

Judge.


        A criminal defendant appeals his sentence, arguing the district court erred

by imposing an illegal sentence and abused its sentencing discretion. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant

Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Linda J. Hines (until withdrawal) and

David Banta, Assistant Attorneys General, for appellee.


        Considered without oral argument by Ahlers, P.J., and Chicchelly and

Sandy, JJ.

**SANDY, Judge.**

Richard Allen Sharples appeals his sentence for three counts of burglary in the third degree and one count of burglary in the second degree as an habitual offender. Because the district court imposed a lawful sentence, it committed no error. Further, the district court did not abuse its discretion by considering an improper factor in sentencing. We affirm.

## I. Background Facts and Procedural Posture.

On August 7, 2024, Sharples pleaded guilty to three counts of burglary in the third degree and one count of burglary in the second degree. The events leading to the three counts of burglary in the third degree occurred in Davenport on May 1, 2024. The count of burglary in the second degree arose out of an incident in LeClaire on May 7, 2024.

At the plea hearing, Sharples stipulated on the record to the two prior convictions that would qualify under the habitual offender statute. The first conviction was from Multnomah County, Oregon, for three counts of burglary in the first degree, identity theft, and theft in the first degree. It was initiated in October 2014. The conviction occurred in April 2015. The second conviction was from Clark County, Washington, for residential burglary. It was initiated in January 2014. The conviction occurred in August 2015.

Relevant to this appeal, the district court heard argument from the prosecuting attorney and a written victim impact statement from John Galanits at sentencing.

## II. Standard of Review.

"We review challenges to the legality of a sentence for errors at law." *State v. Chadwick*, 586 N.W.2d 391, 392 (Iowa 1998).

"Appellate review of the district court's sentencing decision is for an abuse of discretion. An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003) (internal citation omitted).

## III. Analysis.

### A. Habitual Offender Enhancement

Sharples argues that the sentence imposed by the district court is illegal because it misapplied the habitual offender statute, and that the two felony offenses (which he admitted and stipulated convictions for) did not provide a basis for the district court to sentence him as an habitual offender. He further argues that the felony convictions relied on by the district court "did not occur in the required order."

Sharples's sentence was enhanced under Iowa Code section 902.8 (2024), which provides:

> An habitual offender is any person convicted of a class "C" or a class "D" felony, who has twice before been *convicted of any felony* in a court of this or any other state, or of the United States. An offense is a felony if, by the law under which the person is convicted, it is so classified at the time of the person's conviction. A person sentenced as an habitual offender shall not be eligible for parole until the person has served the minimum sentence of confinement of three years.

(Emphasis added.)

Sharples's Washington felony was initiated in January 2014 and resulted in a conviction in August 2015, while his Oregon felony was initiated in October 2014

and resulted in a conviction in April 2015. To support his argument, Sharples cites *State v. Parker,* which states, "[E]ach succeeding conviction must be subsequent in time to the previous convictions, both with respect to commission of the offense and to conviction." 747 N.W.2d 196, 211 (Iowa 2008) (citation omitted). *Parker* is relevant here, but not for the reasons Sharples cites it.[1]

"By failing to object to the use of a prior habitual-offender conviction as underlying evidence to support the habitual-offender status of the felony that is the subject of the sentencing, Parker consented to the method used by the district court to determine his habitual-offender status." *Id*. at 212. Because the record showed that Parker stipulated to being an habitual offender, the Iowa Supreme Court concluded that Parker's sentence was not illegal. *Id*.

No different here, Sharples consented to the district court's use of prior convictions as underlying evidence to support the habitual-offender status at his plea hearing. A recitation of the relevant portion of the plea hearing transcript is as follows:

> THE COURT: So now that I've explained your rights, and you have heard the convictions the State is attempting to use for the habitual offender enhancement, I will give you the opportunity to affirm or deny those convictions. Are you the same person that Mr. Kirkendall identified in the 2015 case from Oregon 12CR 25808?
> SHARPLES: Yes.
> THE COURT: And are you the same person identified in the 2015 case from Clarke County, Washington, as Case No. 141001380?
> SHARPLES: Yes.
> . . . .

---

[1] Neither party has raised an issue over whether Sharples's challenge is a sentencing challenge or a challenge to his guilty plea. As such, we express no opinion on that issue and address the challenge as a sentencing challenge, as framed by the parties.

> THE COURT: Okay. So, the Court finds that Mr. Sharples has knowingly, voluntarily and intelligently affirmed the two prior convictions upon which the State relies, and therefore, he does qualify as an habitual offender under Iowa law. Anything further for the record?
> SHARPLES: No.
> PROSECUTING ATTORNEY: No, Your Honor.
> DEFENSE ATTORNEY: No, Your Honor.

Sharples failed to object to the convictions that were offered to prove up the enhancement at the plea hearing, thereby consenting to the method the district court used to prove the habitual offender enhancement. Because the record showed that Sharples stipulated to being an habitual offender, his sentence was not illegal.[2]

## B. Sentencing Considerations

"It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). "If a court in determining a sentence uses any improper consideration, resentencing of the

---

[2] We need not reach the merits of Sharples's argument regarding his Oregon and Washington convictions and section 902.8's sequencing requirements. However, we have serious doubts that much of the caselaw analyzing section 902.8 applies here, considering said caselaw largely deals with intrastate convictions that occurred on the same day or after the date of the offense. *See State v. Hollis,* 310 N.W.2d 216, 217-18 (Iowa 1981) (holding that a defendant pleading guilty to two offenses on the same day does not trigger the operation of the habitual offender statute); *Parker*, 747 N.W.2d at 211 (analyzing two convictions that were entered on the same day); *see also State v. Woody*, 613 N.W.2d 215, 218 (Iowa 2000) (holding that application of the habitual offender enhancement was illegal because the second conviction used to prove up the enhancement occurred in 1996, while the offense at issue in that case occurred in 1995). Here, there are two interstate convictions that, although somewhat overlap, were both resolved over a decade before the case at issue initiated.

defendant is required. This is true even if it was merely a 'secondary consideration.'" *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (citations omitted).

Sharples asserts the district court improperly considered facts that were not proven by the State or admitted to by the defendant by hearing the prosecuting attorney's arguments and a victim impact statement at the sentencing hearing. He argues that both statements include unproven facts that he did not admit to, and that were not necessary to establish a factual basis for the crimes pled to.

Specifically. Sharples references a statement made by the prosecuting attorney: "He was seen on video camera on his cell phone as he's walking through Mr. Galanits' house picking the most valuable things to . . . steal. And not just taking things that are obviously valuable. Taking things like tax records and mail to potentially use in future crimes."

Sharples also contends that the sentencing court improperly considered aspects of Galanits' written victim impact statement regarding statements about stolen valuables that Sharples never admitted to stealing, such as tax records, financial files, family jewelry, law enforcement challenge coins, and service pins.

Nothing suggests that the district court considered any unproven crimes when it issued its sentence. Only that "[t]he Court [took] into consideration the victim impact statement[] of . . . Mr. Galanits." The district court thus did not abuse its discretion.

**IV. Conclusion.**

The district court did not err as the sentence imposed was lawful, and it did not abuse its discretion by considering an improper factor at sentencing.

**AFFIRMED.**