STATE of Iowa, Appellee,

v.

Nathan Lee BURGS, Appellant.

No. 90–590.

Supreme Court of Iowa.

Jan. 22, 1992.

James C. Larew, Iowa City, and Nathan Burgs, Oakdale, pro se, for appellant.

Bonnie J. Campbell, Atty. Gen., Bruce L. Kempkes and Michael Wallace, Asst. Attys. Gen., and J. Patrick White, County Atty., for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

After being charged with thirteen counts of burglary and theft, defendant Nathan Burgs entered pleas of guilty to one count of second-degree theft and one count of third-degree theft. *See* Iowa Code §§ 714.-2(2) (1989) (second-degree theft a class "D" felony), 714.2(3) (third-degree theft an aggravated misdemeanor). Burgs now appeals the district court's order that sentenced him as an habitual offender subject to the parole restriction provisions of Iowa Code section 902.11. Finding no error in the court's judgment, we affirm.

■ The only issue preserved by Burgs for appeal[1] is whether the legislature intended the dual application of Iowa Code sections 902.8 and 902.11. Section 902.8 provides, in pertinent part:

An habitual offender is any person convicted of a class "C" or a class "D" felony, who has twice before been convicted of any felony.... A person sentenced as an habitual offender shall not be eligible for parole until the person has

---

1. Defendant's claim of double jeopardy, not urged in the district court, will not be considered for the first time on appeal. *Patchette v. State,* 374 N.W.2d 397, 401 (Iowa 1985). Defendant's challenge to the factual applicability of the enhancement statutes, unsupported by argument or authority, is deemed waived for lack of compliance with Iowa Rule of Appellate Procedure 14(a)(3). *Moore v. Vanderloo,* 386 N.W.2d 108, 113 (Iowa 1986).

served the minimum sentence of confinement of three years.

This section must be read in conjunction with section 902.9(2) which directs that an habitual offender "shall be confined for no more than fifteen years."

Section 902.11 further restricts the parole eligibility of *forcible felons* as follows:

> A person serving a sentence for conviction of a felony who has a criminal record of one or more prior convictions for a *forcible felony* or a crime of a similar gravity in this or any other state, shall be denied parole or work release unless the person has served at least one-half of the maximum term of the defendant's sentence. However, the mandatory sentence provided for by this section does not apply if ... [t]he sentence being served is for a felony other than a forcible felony *and* the sentences for the prior forcible felonies expired at least five years before the date of conviction for the present felony.

(Emphasis added.)

The record reveals that the State convicted Burgs of larceny over twenty dollars in 1976 and first-degree robbery in 1979. Both crimes were felonies at the time of conviction. *See* Iowa Code §§ 709.5 (1976), 711.2 (1989). First-degree robbery is a forcible felony. *See* Iowa Code § 702.11. Because the court found that less than five years had passed since the expiration of parole on Burgs' robbery conviction, it concluded that Burgs was subject not only to the minimum three-year confinement period of section 902.8 but the "one-half of the maximum term" penalty of section 902.11.

Burgs concedes the applicability of section 902.8, given his status as an habitual offender. He contends, however, that because section 902.11 makes no mention of this unique status, the legislature must have intended that habitual offenders escape the statute's stiffer penalty. The district court rejected this argument and so do we.

Iowa Code section 902.11 makes no exception for career criminals. It merely authorizes extended prison terms for forcible felons who, whether habitual offenders or not, commit another felony shortly after release from parole.

 When a statute's terms are unambiguous and its meaning plain, there is no room for second-guessing legislative intent. *Saadiq v. State*, 387 N.W.2d 315, 319 (Iowa 1986). Section 902.11 plainly expresses a reasonable legislative response to the problem of recidivism. The clear language of the statute mandates its application to offenders like Burgs who meet its criteria. As a practical matter, moreover, the lengthier penalty of section 902.11 merely subsumes the three-year minimum of section 902.8. No duplication of penalties appears.

We find no error in the court's conclusion that Burgs qualifies for the full measure of section 902.11's penalties. We have considered all of his arguments to the contrary and find them without merit. Accordingly, we affirm the judgment of the district court.

AFFIRMED.