**STATE of Iowa, Appellee,**

v.

**Jerry Dean ASHBURN, Appellant.**

**No. 94–877.**

Supreme Court of Iowa.

July 19, 1995.

Kent A. Simmons, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Thomas S. Tauber and Suzie A. Berregaard Thomas, Asst. Attys. Gen., and William E. Davis, County Atty., for appellee.

Considered by HARRIS, P.J., and LAVORATO, SNELL, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

Defendant Jerry Dean Ashburn (Ashburn) appeals the district court's order denying his motion for summary judgment on his petition to modify the plan of restitution and granting summary judgment in favor of the State. We find the State was required to provide Ashburn with an opportunity to object prior to deducting funds deposited by outside sources from his prison account for restitution. Therefore we reverse the district court judgment.

I. *Background Facts and Proceedings.*

In 1982 Ashburn was convicted of first-degree robbery and escape in Dallas County. He was released on parole in September 1989. In 1990, while still on parole, Ashburn was charged in Scott County with first-degree murder (count I), attempted murder (count II), and going armed with intent (count III).

Ashburn was convicted of all three counts. The court sentenced him to life imprisonment on count I, to a term not to exceed twenty-five years on count II, and to a term not to exceed five years on count III; sentences to run concurrently with each other. Ashburn was originally ordered to pay restitution to the State for court costs of $13,362.01 and for attorney fees of $13,148.80. In addition Ash-

burn was later ordered to pay restitution of $10,500 to the Iowa Crime Victim Compensation Program.

The Iowa Department of Corrections implemented a restitution plan pursuant to Ashburn's sentence whereby it deducted funds deposited by outside sources from Ashburn's prison account. In September 1993 Ashburn filed a petition for a hearing on the restitution plan pursuant to Iowa Code section 910.7 (1993) arguing that no restitution payments should be deducted from his prison account for the restitution ordered on his Scott County convictions because he was still serving his Dallas County sentence. Ashburn amended his petition arguing that the State had violated his due process rights by not providing him with a hearing prior to deducting funds deposited by outside sources from his prison account for restitution payments.

Ashburn filed a motion for summary judgment. He contended that pursuant to Iowa Code section 910.5(1) restitution was not enforceable against him because he was not yet serving his sentence on the convictions for which restitution had been ordered, there was no authority for the State to deduct restitution from outside funds deposited into his prison account, and the State had violated his due process rights by deducting outside funds from his prison account without affording him a hearing.

The district court rejected each of Ashburn's claims. It reasoned Ashburn was serving one continuous sentence pursuant to Iowa Code sections 901.8 and 908.10; therefore, restitution was immediately enforceable. Moreover, the court concluded Iowa Code section 910.5 does not require that an offender be serving the sentence for which restitution was ordered before restitution may be enforced. The court further determined there was authority for the State to deduct restitution from outside funds deposited in Ashburn's prison trust account and that the State was not required to provide a predeprivation hearing to Ashburn before it could deduct these funds. The court found that due process requirements were satisfied by the opportunity for a postdeprivation hearing

provided in section 910.7. Therefore, the court denied Ashburn's motion for summary judgment and granted summary judgment in favor of the State.

On appeal Ashburn argues the district court erred in finding: (1) he is serving one continuous sentence and therefore restitution is immediately enforceable; (2) there was authority for the State to deduct funds deposited by outside sources from his prison account for restitution; and (3) his due process rights were not violated by the State's failure to provide a hearing prior to confiscating funds deposited by outside sources from his prison account.

## II. Scope of Review.

■ Summary judgment is proper when there appears to be no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(c). On review of the district court's summary judgment ruling, the supreme court first determines whether any genuine issues of facts are in dispute. See Hoefer v. Wisconsin Educ. Ass'n Ins. Trust, 470 N.W.2d 336, 338 (Iowa 1991). If no material facts are in dispute, the supreme court determines whether the district court correctly decided that the moving party is entitled to judgment as a matter of law. Id.

## III. Immediate Enforceability of Restitution.

Ashburn argues that, pursuant to Iowa Code section 908.10 (conviction of a felon while on parole), the sentence he received in Scott County is consecutive to the sentence he received for his prior conviction in Dallas County. Ashburn maintains he is still serving time on his Dallas County sentence; therefore, the State may not begin to collect restitution from him until he begins to serve his sentence for the Scott County convictions for which restitution was ordered. The State argues that pursuant to sections 908.8 and 901.10 Ashburn is serving one continuous sentence and restitution is immediately enforceable.

■ We do not believe it is necessary to decide whether Ashburn is serving consecutive sentences or one continuous sentence. The district court correctly found that section 910.5 neither directly, indirectly or by implication suggests that restitution can only be enforced when an offender is serving the sentence on convictions for which restitution was ordered.

Ashburn cites section 910.5(1) in support of his contention that a restitution order may only be enforced when there is a causal connection between the restitution ordered and the sentence an offender is serving. Section 910.5(1) provides in pertinent part:

An offender committed to a penal or correctional facility of the state, shall make restitution while placed in that facility. Upon commitment to the custody of the director of the Iowa department of corrections, the director or the director's designee shall prepare a restitution plan of payment or modify any existing plan of payment. The new or modified plan of payment shall reflect the offender's present circumstances concerning the offender's income, physical and mental health, education, employment, and family circumstances. The director or the director's designee may modify the plan of payment at any time to reflect the offender's present circumstances.

When a statute's terms are unambiguous and its meaning plain, there is no room for second-guessing legislative intent. State v. Burgs, 479 N.W.2d 323, 324 (Iowa 1992). We believe section 910.5(1) is unambiguous. The plain language of this section provides that an offender who is incarcerated shall make restitution and directs the director of the department of corrections or the director's designee to prepare a plan of restitution or modify an existing plan reflecting the offender's present circumstances. Nothing in the language of this section or any other section in chapter 910 connects the obligation to pay restitution to the sentence being served. Therefore, we reject Ashburn's contention that restitution is not immediately enforceable.

## IV. Authority to Deduct Outside Funds.

■ In March 1992 the department of corrections revised its policy number IN–V–106. IN–V–106 previously provided for the collec-

tion of court-ordered restitution from inmates only from allowances paid to inmates through institutional payroll. The revision of IN–V–106 permitted deductions from all credits to an inmate's account for restitution. On appeal Ashburn contends that the institutional rule change was not enacted pursuant to the Iowa Administrative Procedure Act and is therefore invalid.

The State asserts Ashburn has not preserved error on this issue. It notes that before the trial court Ashburn simply asserted there was no authority for the State to deduct outside funds from his account but did not challenge the rule making procedure used to enact IN–V–106.

■ Ordinarily, issues must be raised and decided by the trial court before they may be raised and decided on appeal. *Peters v. Burlington N. R.R.*, 492 N.W.2d 399, 401 (Iowa 1992). We believe the State is correct in its assertion that this issue was not preserved for appeal.

However, even if Ashburn had preserved error on this issue, effective December 14, 1994, Iowa Administrative Code rule 201–20.11(7) was amended to provide authority for the department of corrections to deduct restitution payments "from all credits to an inmate's account" with certain exemptions. The amendment essentially codifies revised policy number IN–V–106. Therefore, insofar as Ashburn complains of present and future authority for the State to deduct funds deposited by outside sources from his prison account, this issue appears to be moot. Insofar as Ashburn complains about deductions made from his account prior to the amendment to Iowa Administrative Code rule 210–20.11(7), we believe the resolution of the due process issue in the next section renders this claim moot as well.

V. *Due Process.*

■ An inmate's money in prison accounts is a protected property interest. *See Gillihan v. Shillinger*, 872 F.2d 935, 938–40 (10th Cir.1989); *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir.1985); *Walters v. Grossheim*, 525 N.W.2d 830, 831 (Iowa 1994). An inmate cannot be deprived of these funds without due process. *See Gillihan*, 872 F.2d at 939; *Walters*, 525 N.W.2d at 832. Ash-

burn argues the State violated his due process rights when it confiscated funds deposited by outside sources from his prison account without affording him the opportunity to be heard.

In *Walters* we held that "a departmental or institutional policy that purports to take an inmate's private resources cannot be implemented without first granting the inmate an opportunity to protect his or her interest from unreasonable deprivation." *Walters*, 525 N.W.2d at 832. We found that the opportunity for a postdeprivation hearing was constitutionally inadequate and determined that to comport with due process prison officials must "(1) notify prisoners of the proposed amendment to their restitution plans including—where appropriate—assessments against 'outside sources,' (2) permit time for objection to the proposed amendment, and (3) consider the objections in formulating an individualized plan for the future." *Id.* at 833.

We find the State was required to provide Ashburn with the predeprivation procedures outlined in *Walters*. Therefore, we reverse the district court's order denying Ashburn's motion for summary judgment and granting summary judgment in favor of the State. We remand this case to the district court for proceedings consistent with *Walters*.

**REVERSED AND REMANDED.**