# IN THE SUPREME COURT OF IOWA

No. 126 / 05-0364

Filed March 23, 2007

**STATE OF IOWA**,

   Appellee,

vs.

**CHARLES EDWARD ROSS III**,

   Appellant.

_____

On review from the Iowa Court of Appeals.


Appeal from the Iowa District Court for Polk County, Joel D. Novak, Judge.


Defendant seeks further review of court of appeals decision rejecting, in part, his challenge to imposition of fines and mandatory minimum sentences on two convictions of second-degree robbery as a habitual offender. **DECISION OF COURT OF APPEALS VACATED; SENTENCES VACATED IN PART AND AFFIRMED IN PART.**


Patricia A. Reynolds, Acting State Appellate Defender, Nan Jennisch, Assistant State Appellate Defender, for appellant.

Charles Edward Ross III, Fort Dodge, pro se.


Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, John P. Sarcone, County Attorney, and James P. Ward, Assistant County Attorney, for appellee.

**TERNUS, Chief Justice.**

The appellant, Charles Edward Ross III, challenges his sentences on two counts of robbery in the second degree as a habitual offender. He claims the court was without authority to impose a fine because neither the robbery statute nor the habitual-offender statute provide for a fine, a claim with which the State agrees. Ross's second challenge to his sentence focuses on the court's imposition of a period of imprisonment "as provided by Iowa Code section[] . . . 902.12," which requires a defendant to serve a minimum of seventy percent of his sentence before becoming eligible for parole. He claims this statute does not apply to sentences imposed on habitual offenders.

The defendant's appeal was transferred to the court of appeals. That court vacated the defendant's sentences in part, holding the district court was without authority to impose a fine. The court of appeals refused to address the defendant's challenge to the applicability of section 902.12, holding error had not been preserved.

We granted further review. We agree the district court had no authority to impose a fine on the charges of second-degree robbery as a habitual offender. We disagree, however, with the court of appeals' disposition of the defendant's challenge to the mandatory minimum aspect of his sentences. Finding no error preservation problem and addressing this claim on the merits, we conclude section 902.12 does apply, and the court properly sentenced the defendant to serve a minimum of seventy percent of his sentence. Accordingly, we vacate the court of appeals' decision, vacate that portion of the defendant's sentences imposing a fine, and affirm the balance of the sentences imposed by the district court.

I. *Background Facts and Proceedings.*

Ross pled guilty as a habitual offender to two counts of second-degree robbery. *See* Iowa Code §§ 711.1, 711.3, 902.8 (2003). The defendant waived his right to file a motion in arrest of judgment and requested immediate sentencing. The district court found the defendant guilty and imposed concurrent sentences "for a period not to exceed fifteen years as provided in Iowa Code sections 902.3, 902.9 and 902.12." The defendant was ordered to pay restitution, court costs, a law-enforcement-initiative surcharge, attorney fees, and a $5000 fine for each offense.

On appeal, the defendant's counsel made one argument: the court was without authority to impose a fine. In a pro se brief, the defendant raised several additional issues, none of which were raised in the district court. As we discuss below, one of these issues—the question of the legality of imposing a mandatory minimum sentence—is not subject to the normal error preservation rules. Consequently, we will address that claim on its merits. The other issues raised in the defendant's pro se brief were not preserved, and therefore, we give them no consideration.[1]

II. *Standard of Review.*

In determining the proper standard for review, we focus on the nature of the defendant's claimed error. The defendant contends his sentences were not authorized by statute. A sentence not permitted by statute is

---

[1]The defendant claims the district court failed to inform him at the time of his guilty plea that a mandatory minimum sentence would be applied to his habitual-offender sentence, as required by Iowa Code section 901.5(7). The defendant failed to file a motion in arrest of judgment raising this issue, and therefore, this argument has been waived. *See* Iowa R. Crim. P. 2.24(3) (stating failure to challenge adequacy of plea proceeding by motion in arrest of judgment precludes defendant from asserting such a claim on appeal). The defendant also makes several challenges to the constitutionality of section 902.12 and the application of that statute to him. These claims, being raised for the first time on appeal, are also untimely. *See State v. Ceaser*, 585 N.W.2d 192, 195 (Iowa 1998) (holding constitutional challenges to sentencing statutes are governed by normal error preservation rules).

illegal. *See State v. Kress*, 636 N.W.2d 12, 17 (Iowa 2001). "[T]he sentence is illegal because it is 'beyond the power of the court to impose.'" *State v. Ceaser*, 585 N.W.2d 192, 195 (Iowa 1998) (quoting *State v. Wilson*, 294 N.W.2d 824, 825 (Iowa 1980)).

The issues raised by the defendant are, therefore, essentially questions of statutory interpretation. *Kress*, 636 N.W.2d at 17. Consequently, our review is for correction of errors of law. *Id.*

III. *Legality of Fine.*

The defendant asserts the district court was without authority to impose a fine because neither the robbery statute nor the habitual-offender statute provides for a fine. The State agrees, and so do we.

Second-degree robbery is a class "C" felony. *See* Iowa Code § 711.3. Section 902.9(4) provides that a "class 'C' felon, *not a habitual offender*, . . . shall be sentenced to a fine of at least one thousand dollars but not more than ten thousand dollars." *Id.* § 902.9(4) (emphasis added). The sentencing statute for a habitual offender simply provides that an "offender shall be confined for no more than fifteen years." *Id.* § 902.9(3). Therefore, the applicable statutes do not authorize a fine as part of the sentence for a habitual offender convicted of second-degree robbery.

A sentence not permitted by statute is illegal and void. *See State v. Woody*, 613 N.W.2d 215, 217 (Iowa 2000). Accordingly, the unauthorized fines imposed as part of the defendant's sentences must be vacated.

IV. *Mandatory Minimum Sentence.*

A. *Error preservation.* As noted above, the defendant did not challenge the district court's application of the mandatory minimum sentence set forth in section 902.12 until this appeal. For this reason, the court of appeals held error had not been preserved. Our cases do not support this conclusion. We stated in *Woody*:

> An illegal sentence is void and "not subject to the usual concepts of waiver, whether from a failure to seek review or other omissions of error preservation." Because an illegal sentence is void, it can be corrected at any time.

613 N.W.2d at 217 (quoting *State v. Ohnmacht*, 342 N.W.2d 838, 843 (Iowa 1983)). Thus, we proceed to consider this issue on the merits.

B. *Issue.* The defendant argues that the minimum sentence requirements for habitual offenders is that set forth in Iowa Code section 902.8, which provides: "A person sentenced as an habitual offender shall not be eligible for parole until the person has served the minimum sentence of confinement of three years." The district court relied on Iowa Code section 902.12(5) in sentencing the defendant to serve seventy percent of his sentence. That statute provides:

> A person serving a sentence for conviction of the following felonies shall be denied parole or work release unless the person has served at least seven-tenths of the maximum term of the person's sentence:
>
> . . . .
>
> 5. Robbery in the first or second degree in violation of section 711.2 or 711.3.

Iowa Code § 902.12(5) (Supp. 2003). We must interpret these statutes to determine whether section 902.12 applies to this defendant.

C. *Governing legal principles.* " 'When a minimum sentence is prescribed . . . the legislature ordinarily requires a judicial determination of its applicability.' " *State v. Iowa Dist. Ct.*, 616 N.W.2d 575, 578 (Iowa 2000) (quoting *State v. Wilson*, 314 N.W.2d 408, 409 (Iowa 1982)). Whether section 902.12(5) applies to a habitual offender must be considered in light of well-established principles of statutory interpretation:

> "When the text of a statute is plain and its meaning clear, the court should not search for meaning beyond the express terms of the statute . . . ." However, where the language of a statute is ambiguous, so that reasonable minds would differ on the meaning, we turn to our rules of

> interpretation. The polestar of statutory interpretation is to give effect to the legislative intent of a statute. We "consider the objects sought to be accomplished and the evils and mischiefs sought to be remedied, seeking a result that will advance, rather than defeat, the statute's purpose." . . . [W]e will not construe a statute in a way [that] creates an impractical or absurd result, nor will we speculate as to the probable legislative intent beyond what the language clearly states.

*State v. Tesch*, 704 N.W.2d 440, 451 (Iowa 2005) (quoting *State v. Schultz*, 604 N.W.2d 60, 62 (Iowa 1999)); *see also State v. Allen*, 708 N.W.2d 361, 366 (Iowa 2006) ("Legislative intent is derived not only from the language used but also from 'the statute's "subject matter, the object sought to be accomplished, the purpose to be served, underlying policies, remedies provided, and the consequences of the various interpretations." ' " (quoting *Cox v. State*, 686 N.W.2d 209, 213 (Iowa 2004))).

"[W]e 'construe statutes that relate to the same or a closely allied subject together so as to produce a harmonious and consistent body of legislation.' " *Iowa Dist. Ct.*, 616 N.W.2d at 578 (quoting *State v. Casey's Gen. Stores, Inc.*, 587 N.W.2d 599, 601 (Iowa 1998)). "In addition, the legislative history of a statute is instructive and we may consider it when ascertaining legislative intent." *Allen*, 708 N.W.2d at 366.

D. *Discussion.* The defendant argues the mandatory minimum sentence applicable to his crime is the three-year mandatory minimum for habitual offenders established in section 902.8. He claims the district court erred in imposing the seventy-percent mandatory minimum sentence provided for persons convicted of robbery in the second degree as authorized by section 902.12.

Although we have never addressed this precise question, we considered a similar issue in *State v. Burgs*, 479 N.W.2d 323 (Iowa 1992). In that case, the defendant, Nathan Burgs, was convicted of a class "D" theft and sentenced as a habitual offender subject to the parole restrictions

of Iowa Code section 902.11. *Burgs*, 479 N.W.2d at 323. Section 902.11 provides that forcible felons who have a prior forcible felony conviction must serve at least one-half of their term of imprisonment before being eligible for parole. *Id.* (citing Iowa Code § 902.11). Burgs claimed on appeal that section 902.11 did not apply because the parole restrictions of section 902.11 conflicted with the parole restrictions of section 902.8, which stated that habitual offenders were not eligible for parole until the person had served a three-year minimum sentence. *Id.* at 323-24.

Finding section 902.11 "unambiguous and its meaning plain," this court held that statute "authorize[d] extended prison terms for [certain] forcible felons . . ., whether habitual offenders or not . . . ." *Id.* at 324. We noted section 902.11 was "a reasonable legislative response to the problem of recidivism." *Id.* In essence, we held, "the lengthier penalty of section 902.11 merely subsumes the three-year minimum of section 902.8." *Id.*

The same analysis applies here. Section 902.12 provides no exception for habitual offenders. Its terms are clear: "A person serving a sentence for conviction of [second-degree robbery] shall be denied parole or work release unless the person has served at least seven-tenths of the maximum term of the person's sentence." Iowa Code § 902.12. The defendant here is such a person. He was sentenced for the crime of second-degree robbery, not for being a habitual offender. *See Woody*, 613 N.W.2d at 217 (stating "habitual-offender statutes do not charge a separate offense; they only provide for enhanced punishment on the current offense"). Consequently, the clear and unambiguous terms of section 902.12 encompass this defendant. Like the sentence in *Burgs*, "the lengthier sentence of section [902.12] merely subsumes the three-year minimum of section 902.8." *Burgs*, 479 N.W.2d at 324.

The defendant contends the legislative history of section 902.8 warrants a different result. Prior to 1976, Iowa Code section 747.5 defined a "habitual criminal" and provided that a habitual criminal "shall be punished by imprisonment in the penitentiary for a term of not more than twenty-five years, *provided that no greater punishment is otherwise provided by statute, in which case the law creating the greater punishment shall govern.*" Iowa Code § 747.5 (1975) (emphasis added). When section 902.8 was enacted, the italicized qualification was not included. *See* Iowa Code § 902.8. The defendant argues that the omission of similar language in section 902.8 evidences the legislature's intent that section 902.8 should stand alone to govern the punishment of habitual offenders.

An obvious fallacy in this argument is the fact that section 902.9(3) prescribes the term of imprisonment for a habitual offender. Moreover, in 1992 this court held in *Burgs* that the mandatory minimum sentence of section 902.11 trumped the mandatory minimum sentence of section 902.8. 479 N.W.2d at 324. The legislature has taken no action in the fourteen years since that decision to correct our interpretation of these statutes, if indeed that interpretation was wrong. *See generally Drahaus v. State*, 584 N.W.2d 270, 276 (Iowa 1998) ("We consider the legislature's inaction as tacit approval of our [prior] decision . . . .").

Our interpretation of sections 902.8 and 902.12 also gives effect to the principle that the court should avoid construing a statute so as to create an absurd result. Adopting the defendant's argument would result in the illogical situation that a recidivist would serve less time than a first-time offender. A recidivist convicted of second-degree robbery would be subject to the fifteen-year sentence for habitual offenders, but would be required to serve only a three-year minimum. *See* Iowa Code §§ 902.8, .9(3) (providing for a fifteen-year sentence with a three-year mandatory minimum for

habitual offenders). In contrast, a first-time offender convicted of second-degree robbery would serve a ten-year sentence with a mandatory seven-year minimum. *See id.* §§ 902.9, .12 (providing for a ten-year sentence for second-degree robbery and a mandatory seventy-percent minimum). This result is clearly contrary to the legislature's intent to treat recidivists more harshly. *See Woody*, 613 N.W.2d at 218 (noting section 902.8 was designed to *punish* recidivism).

Applying well-established rules of statutory construction, we hold the mandatory minimum sentences prescribed in section 902.12 apply to habitual offenders. Therefore, the district court did not impose illegal sentences in this case when it sentenced the defendant to two fifteen-year sentences to be served pursuant to section 902.12.

V. *Summary and Disposition.*

The district court imposed an illegal sentence when it required the defendant to pay fines for his second-degree robbery convictions. On the other hand, the district court properly interpreted section 902.12 in making the defendant's sentences subject to the parole restrictions of that statute. Because the court of appeals erroneously held that error was not preserved on the latter issue, we vacate that court's decision. We also vacate that portion of the defendant's sentences requiring him to pay a fine. The defendant's sentences are affirmed in all other respects.

**DECISION OF COURT OF APPEALS VACATED; SENTENCES VACATED IN PART AND AFFIRMED IN PART.**

All justices concur except Appel, J., who takes no part.