# IN THE COURT OF APPEALS OF IOWA

No. 14-0535
Filed March 11, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**PHILLIP DWAYNE JONES,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.

The offender challenges the denial of his motion to correct illegal sentence. **AFFIRMED.**

Jeffrey M. Lipman of Lipman Law Firm, P.C., Clive, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Tyron Rogers, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

In 2008, Phillip Jones was convicted of robbery in the second degree, in violation of Iowa Code sections 711.1 and 711.3 (2007), and sentenced as a habitual offender to an indeterminate term of incarceration not to exceed fifteen years, pursuant to Iowa Code section 902.8. Because the conviction was for a forcible felony, Jones was required to serve seventy percent of the sentence. *See* Iowa Code §§ 702.11(1), 902.12. In 2013, Jones filed in the district court a motion to correct illegal sentence, contending his sentence was illegal because it required him to serve at least seventy percent of the fifteen-year term rather than seventy percent of the ten-year term that would have been applicable in the absence of the habitual offender enhancement. The district court denied the motion. Jones timely filed this appeal.

The same challenge to the interplay between the habitual offender enhancement and the forcible felony statute that Jones raises now was addressed and rejected in *State v. Ross*, 729 N.W.2d 806, 811 (Iowa 2007). In that case, the supreme court held the seventy-percent mandatory minimum for forcible felonies applied to the habitual offender sentencing enhancement. *See Ross*, 729 N.W.2d at 811. We are not at liberty to ignore controlling authority. *See State v. Beck*, 854 N.W.2d 56, 65 (Iowa Ct. App. 2014). The judgment of the district court is affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), and (e).

**AFFIRMED.**