# IN THE COURT OF APPEALS OF IOWA

No. 16-2068
Filed May 17, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**RICHARD YATES III,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling, Judge.

A defendant convicted of burglary and theft challenges his sentences as illegal. **SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**TABOR, Judge.**

In the summer of 2016, Richard Yates III broke into a construction trailer and stole equipment valued between $1000 and $10,000. He also exercised control over stolen property valued between $500 and $1000. After being charged for these acts, he pleaded guilty to two class "D" felonies—burglary in the third degree and theft in the second degree—both as an habitual offender. In a separate case, he pleaded guilty to theft in the third degree, an aggravated misdemeanor. *See* Iowa Code § 714.2(3) (2016).

On appeal Yates claims he received illegal sentences. For the two habitual-offender felonies, Yates contends the district court acted without statutory authority in imposing the law enforcement initiative (LEI) surcharge of $125 on each count. *See id.* § 911.3. For the aggravated-misdemeanor theft, he claims the court illegally sentenced him to a determinate term of 730 days in the county jail. The State concedes resentencing is required for the aggravated-misdemeanor offense but defends imposition of the LEI surcharges on the felonies. Because confinement of more than one year must be an indeterminate term, we agree a remand for resentencing is in order on the aggravated-misdemeanor sentence.[1] *See id.* § 903.1(2). For the reasons discussed below, we find the court's imposition of the LEI surcharges was authorized by statute.

---

[1] Yates raises a second challenge to the aggravated-misdemeanor sentence, arguing the court erred in sentencing him to the Scott County jail. *See* Iowa Code § 901.7 (stating "the court shall commit the defendant to the custody of the director of the Iowa department of corrections" when "imposing a sentence of confinement" more than one year). The State responds, while the sentencing order erroneously directed Yates to serve his sentence in the county jail, the order on incarceration status appropriately committed Yates "into the custody of the Iowa Department of Corrections" on that conviction. Because we have remanded for resentencing on this conviction, the inconsistency can be corrected in the new sentencing order.

We may correct an illegal sentence at any time. *See* Iowa R. Crim. P. 2.24(5)(a). When a defendant challenges a sentence as being outside the court's statutory authority, we review for errors at law. *See State v. Morris*, 416 N.W.2d 688, 689 (Iowa 1987). If the sentence is not permitted by statute, it is illegal and void. *State v. Ross*, 729 N.W.2d 806, 809 (Iowa 2007).

We turn to the parties' dispute over the LEI surcharge, an obligation arising under Iowa Code section 911.3. Yates points to the general sentencing statute for felons—Iowa Code section 902.9. That section sets out penalties for class "D" felons, who are not habitual offenders, as no more than five years in prison and a fine of at least $750 but not more than $7500. *See* Iowa Code § 902.9(1)(e). But habitual offenders face confinement for not more than fifteen years with no fine. *See id.* § 902.9(1)(c). Section 902.9 also provides that the section 911.3 surcharge "shall be added to a fine imposed on a class 'C' or class 'D' felon, as provided by those sections, and [is] not part of or subject to the maximums set in this section." *Id.* § 902.9(2).

Looking at section 902.9(2), Yates asserts the legislature intended the surcharges be added to the sentences of class "C" and class "D" felons but not to the sentences for habitual offenders. In Yates's view, had lawmakers meant for surcharges to be added to habitual-offender sentences, "they could have said so. They did not." Yates contends his interpretation is "buttressed" by the wording of Iowa Code section 911.3, which provides:

> 1. In addition to any other surcharge, the court or clerk of the district court shall assess a law enforcement initiative surcharge of one hundred twenty-five dollars if an adjudication of guilt or a deferred judgment has been entered for a criminal violation under any of the following:

a. Chapter 124, 155A, 453B, 713, 714, 715A, or 716.
b. Section 719.7, 719.8, 725.1, 725.2, or 725.3.

Yates argues the introductory phrase "in addition to any other surcharge" in section 911.3(1) "presupposes" the LEI surcharge may only be assessed against an offender who is subject to another surcharge.

The State counters that because Yates was adjudicated guilty of third-degree burglary under chapter 713 and second-degree theft under chapter 714, the court was required to assess the LEI surcharge for both felony offenses under section 911.3(1)(a). The State reads the phrase "in addition to any other surcharge" as permissive, rather than restrictive.

Section 902.9(1)(c) does not authorize courts to impose a fine as a part of an habitual-offender sentence. *Ross*, 729 N.W.2d at 809. But the absence of authorization for imposition of a fine in section 902.9(1)(c) does not override the statutory mandate for assessing the LEI surcharge in section 911.3. *See id.* at 808, 812 (vacating imposition of fine but affirming order to pay LEI surcharge); *see also State v. Konvalinka*, No. 11-0777, 2012 WL 1860352, at *8 (Iowa Ct. App. May 23, 2012) (upholding imposition of ten-dollar DARE surcharge on felony eluding enhanced as habitual offender).

When an appellate issue requires reading related statutes together, we attempt to harmonize them. *See In re A.M.*, 856 N.W.2d 365, 372 (Iowa 2014). But if they cannot be harmonized, the more specific provision will prevail as an exception to the general provision. *See* Iowa Code § 4.7. Here, the statutory authority for the LEI surcharge deals with the question in the more granular way, and its specificity controls our result. *See id.* Section 911.3 requires the district

court to assess the $125 LEI surcharge where the defendant is adjudicated guilty of a criminal violation found in delineated chapters of the criminal code; no exception is made for defendants sentenced as habitual offenders under section 902.9(1)(c). Moreover, section 902.9(2) speaks to the situation where a surcharge is added to a fine, clarifying that the surcharge amount is not a part of the maximum amounts set for class "C" and class "D" felonies in section 902.9(1)(d) or (e). Accordingly, section 902.9(2) does not prohibit imposing the $125 LEI surcharge when no fine is imposed.[2]

As to the introductory phrase—"in addition to any other surcharge"—in section 911.3, our reading aligns with the State's position. The interpretation urged by Yates essentially adds the word "only" to the statute, i.e., the court shall assess the LEI surcharge "only in addition to any other surcharge." Supplying a missing term in that manner would contravene the "omitted-case" canon of interpretation, which states: "Nothing is to be added to what the text states or reasonably implies." *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 93 (2012); *see also Rohlf v. Kasemeier*, 118 N.W. 276, 277 (Iowa 1908) ("Nothing is to be added to [criminal] statutes by intendment . . . ."). We conclude the opening language of section 911.3 does not restrict a court from assessing the LEI surcharge even if no other surcharge is applicable. The district court properly imposed the surcharges for Yates's felony offenses under section 911.3

---

[2] We recognize a different result would apply to the criminal-penalty surcharges levied under Iowa Code section 911.1, which are set at 35% of the fine or forfeiture imposed.

But because the district court's determinate two-year sentence imposed on the aggravated-misdemeanor theft violated section 903.1(2),[3] we vacate that portion of Yates's sentence and remand for resentencing.

**SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**

---

[3] Because Iowa Code section 714.2 lacks a specific sentencing provision, the general misdemeanor sentencing statute in chapter 903 applies. *See State v. Ayers*, 590 N.W.2d 25, 29 (Iowa 1999).