# IN THE COURT OF APPEALS OF IOWA

No. 17-0724
Filed April 18, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAVID HERING,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Muscatine County, Mary E. Howes,

Judge.


        David Hering appeals from the denial of his motion for a restitution hearing.

**REVERSED AND REMANDED.**



        David Hering, Fort Madison, self-represented appellant.

        Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney

General, for appellee.



        Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**DANILSON, Chief Judge.**

David Hering appeals from the denial of his April 4, 2017 motion for a restitution hearing. Our review is for correction of errors at law. *State v. Klawonn*, 688 N.W.2d 271, 274 (Iowa 2004).

In 2004, Hering was convicted of one count of first-degree murder and two counts of attempted murder. *See State v. Hering*, No. 14-1343, 2016 WL 3271910, at *1 (Iowa Ct. App. June 15, 2016). "An order of restitution was filed on July 9, 2004, which ordered Hering to pay restitution of $150,000 to the estate of [the decedent] and $27,409.84 to the Crime Victim Compensation Program." *Id.* Hering challenged the restitution order, and this court affirmed the part of the district court's ruling finding the restitution order requiring Hering to pay $150,000 to the victim's estate had been satisfied through the payment of the judgment in a separate civil action. *Id.* But we reversed in part, eliminating the requirement Hering reimburse the Crime Victim Compensation Program $27,409.84. *Id.*

On January 10, 2017, the district court issued the following ruling:

> On 12/20/2016, [Hering] filed a request for a restitution hearing. His attached Restitution Account activity shows the Department of Corrections [(IDOC)] has withheld $2350.31 from his account. Hering claims his restitution obligation has been satisfied and no such funds should have been withdrawn from his account.
> The State does not resist the application.
> IT IS THEREFORE ORDERED that the Clerk of Court shall first use the funds to pay any unpaid court costs, attorney fees or other assessed sums due and unpaid and the balance shall refun[d] to Hering's prisoner account, the sum of $2350.31.

On January 24, Hering filed a "Motion to Produce Supplemental Restitution Orders and Itemized Bill," which the district court considered to be a motion for discovery. The district court denied the motion "because the docket in the matter

is available to [Hering]" and "there is no pending litigation and [Hering] cannot request discovery of a non-party when no litigation is pending."

On April 4, Hering filed another petition for restitution hearing, asserting the clerk of court had not refunded any money to his prison account and "it is unclear why" there had been no refund. He asserted he "has satisfied his court ordered plan of restitution in full and the record confirms that the money IDOC withheld from his inmate account was not utilized to satisfy his restitution plan." He also challenged IDOC's procedures for withholding money from his inmate account and claimed violations of his due process rights. As a remedy, Hering requested the court "issue an order requiring [IDOC] to refund his inmate account with 'all' of the money they have withheld from his inmate account for restitution or set this matter for hearing and allow Hering to participate."

On April 6, the district court denied the motion, stating: "Restitution is already ordered in this case and time limits are over to challenge restitution."

On April 17, Hering filed a "Motion to Enlarge or Amend Findings and Conclusions or to Modify or Substitute Judgment." On that same date, the court found the motion "not timely filed."

On April 28, Hering filed another "Motion to Enlarge or Amend Findings and Conclusions or to Modify or Substitute Judgment," asserting his April 17 motion was timely.

On May 16, Hering filed a notice of appeal. The supreme court transferred the appeal to this court.

Restitution in Iowa is a creature of statute. *State v. Johnson*, 887 N.W.2d 178, 181 (Iowa Ct. App. 2016). Iowa Code section 910.2(1) (2017) provides:

In all criminal cases in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of the offender's criminal activities, to the clerk of court for fines, penalties, surcharges, and, to the extent that the offender is reasonably able to pay, for crime victim assistance reimbursement, restitution to public agencies . . . , court costs including correctional fees approved pursuant to section 356.7, court-appointed attorney fees ordered pursuant to section 815.9, including the expense of a public defender, when applicable, contribution to a local anticrime organization, or restitution to the medical assistance program pursuant to chapter 249A.

This court has observed that pursuant to this provision, the court must order restitution to the victims of the crime and to the clerk of court for fines, penalties, and surcharges. *State v. Kurtz*, 878 N.W.2d 469, 472 (Iowa Ct. App. 2016). And, to the extent that the defendant has the reasonable ability to pay, "restitution is ordered for crime victim assistance reimbursement, for public agencies, for court costs including correctional fees, for court-appointed attorney fees, for contribution to a local anticrime organization, and for the medical assistance program." *Id.*

Hering argues he is entitled to a hearing to determine whether IDOC must return $2350.31 previously withheld from Hering's inmate account. Hering expresses concern because "[i]t is unclear why the clerk did not refund his prison account" any moneys previously withheld. He notes, "The record is devoid of any unpaid court costs, attorney fees, or other ass[ess]ed sums due and unpaid, no supplemental restitution orders were ever issued."

The State asserts:

The fact that *one* of the obligations for which Hering owed was eliminated, does not extinguish the requirement that he has to make amends. Rather, the only issue of significance for Hering is that money originally collected for one obligation—could be applied to another obligation. As a result, merely because one obligation for which collections were completed, which was subsequently

eliminated, does not mean that the funds collected could not be applied to other obligations—which he owed.

The appendix contains a restitution plan prepared on June 24, 2014, which lists costs due and owing in the amount of $2176.69. The appendix also contains an order by the district court dated July 17, 2014, noting, "[T]he clerk of court indicates that the sum of $1694.44 has been paid by the defendant towards attorney fees, court costs and restitution. The last payment received by the clerk of court was May 6, 2014, in the amount of $58.08."

On January 10, 2017, following this court's remand order, the district court ordered, "[T]the clerk of court shall first use the funds [taken from Hering's inmate account for restitution] to pay any unpaid court costs, attorney fees or other assessed sums due and unpaid and the balance shall [be] refunded to Hering's prisoner account, the sum of $2350.31."

The questions Hering has about his account—as the district court found and we observed in our previous opinion—may be administrative matters beyond the scope of the actual restitution order.[1]  *See Hering*, 2016 WL 3271910, at *2.

---

[1] *See generally* Iowa Code § 904.702 ("The director shall deduct from the inmate account an amount established by the inmate's restitution plan of payment. The director shall also deduct from any remaining account balance an amount sufficient to pay all or part of any judgment against the inmate, including but not limited to judgments for taxes and child support, and court costs and fees assessed either as a result of the inmate's confinement or amounts required to be paid under section 610A.1. Written notice of the amount of the deduction shall be given to the inmate, who shall have five days after receipt of the notice to submit in writing any and all objections to the deduction to the director, who shall consider the objections prior to transmitting the deducted amount to the clerk of the district court. The director need give only one notice for each action or appeal under section 610A.1 for which periodic deductions are to be made. The director shall next deduct from any remaining account balance an amount sufficient to pay all or part of any costs assessed against the inmate for misconduct or damage to the property of others. The director may deduct from the inmate's account an amount sufficient to pay for the inmate's share of the costs of health services requested by the inmate and for the treatment of injuries inflicted by the inmate on the inmate or others. The director may deduct and disburse an amount sufficient for industries' programs to qualify under the eligibility requirements established in the Justice Assistance Act of 1984, . . . including an amount

However, here the district court denied the petition on the basis that it was untimely.

Iowa Code section 910.7(1) provides,

> At any time during the period of probation, parole, or incarceration, the offender or the office or individual who prepared the offender's restitution plan may petition the court on any matter related to the plan of restitution or restitution plan of payment and the court shall grant a hearing if on the face of the petition it appears that a hearing is warranted.

Hering remains incarcerated and thus his petition is not untimely. Without a hearing and the opportunity to present evidence, we are unable to conclude if his claims have any merit. It is possible Hering's claim that the IDOC's withholding of money did not comport with due process has merit because some of his monies were received from outside sources. *See State v. Ashburn*, 534 N.W.2d 106, 109 (Iowa 1995) (stating notice and pre-deprivation procedures must be afforded if funds came from outside sources). Perhaps an accounting error has been made by the clerk of court. A hearing is not always necessary; but here, looking at the face of the petition, we cannot conclude a hearing was not warranted. We reverse and remand for further proceedings.

**REVERSED AND REMANDED.**

---

to pay all or part of the cost of the inmate's incarceration. The director may pay all or any part of remaining allowances paid pursuant to section 904.701 directly to a dependent of the inmate, or may deposit the allowance to the account of the inmate, or may deposit a portion and allow the inmate a portion for the inmate's personal use."); *see also* Iowa Admin. Code ch. 201-20.11 (governing restitution).