# IN THE COURT OF APPEALS OF IOWA

No. 18-0862
Filed November 6, 2019

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**MICHAEL DAVID DAWSON,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman and Bradley J. Harris, Judges.

　　　　Michael Dawson appeals his convictions for various drug crimes, eluding, and driving while barred. **AFFIRMED.**

　　　　David R. Fiester, Cedar Rapids, for appellant.

　　　　Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee.

　　　　Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

Michael Dawson appeals from his convictions for drug crimes, eluding, and driving while barred. He claims the district court erred in denying his motions for new trial, he received ineffective assistance of counsel, there is insufficient evidence to support his possession conviction, and the verdict was contrary to the weight of the evidence. We affirm.

**I. Facts and Prior Proceedings**

On August 6, 2017, Evansdale Police Officer Dustin Mooty was patrolling in a marked police vehicle. He observed an individual who appeared to be texting and driving. The individual was later identified as Dawson.

As Officer Mooty found a safe place to turn around, he looked in his side-view mirror and saw Dawson's vehicle run a stop sign. By the time Officer Mooty turned around, Dawson's vehicle was a ways ahead of him. But he saw Dawson run a red light.

At this point, Officer Mooty turned on his police cruiser lights and siren and pursued. Dawson fled, accelerating to speeds of ninety-five miles per hour in a fifty-five-mile-per-hour zone.

Eventually, Dawson turned into an alleyway, jumped out of his moving vehicle, and fled on foot. Officer Mooty got out of his patrol car to continue his pursuit.

Several officers responded to assist. They set up a perimeter to ensure Dawson did not get away. Officers combed the area for Dawson. While looking for him, Waterloo Police Officer Marc Moore discovered a small plastic baggie not far from where Dawson abandoned his car. The baggie contained a substance

that appeared to be methamphetamine, which later testing confirmed. Eventually, Waterloo Police Officer Enes Mrzljak discovered Dawson hiding behind a woodpile nearby.

The State charged Dawson with possession of more than five grams of methamphetamine with intent to deliver, in violation of Iowa Code section 124.401(1)(b) (2017); eluding, in violation of section 321.279(3); drug tax stamp violation, in violation of section 453B.12; and driving while barred, in violation of sections 321.560 and 321.561. A jury found Dawson guilty of all four counts on February 23, 2018.

On March 7, the court received pro se correspondence from Dawson. It suggested Dawson wished to "attack the validity of the verdict with a motion for new trial and a motion in arrest of judgment." On March 8, the district court filed a notice that characterized Dawson's correspondence as ex parte communication, ordered the clerk to provide copies to counsel of record, and stated that the court "takes no further action."

On April 9, the court received additional pro se correspondence from Dawson. On April 10, the district court filed a notice that characterized Dawson's correspondence as ex parte communication, ordered the clerk to provide copies to counsel of record, and stated that the court "takes no further action."

The court sentenced Dawson on April 17. Also on April 17, the court received a pro se filing from Dawson. It asked the court to "dismiss counsel" and grant a new trial. The same day, the court filed an order. It acknowledged receipt of Dawson's filing, noted that the issues mentioned in his filing were not raised at sentencing, and stated that no further action would be taken.

On April 19, the court received another pro se filing from Dawson. It asked the court to "dismiss counsel" and grant a new trial. The next day, the court filed an order. It acknowledged receipt of Dawson's filing, noted that the issues mentioned in the filing were not raised at sentencing, and stated that no further action would be taken.

On May 16, Dawson filed a notice of appeal.[1]

**II. Standards of Review**

Claims relating to hybrid representation,[2] motions for new trial, and challenges the weight of the evidence are reviewed for an abuse of discretion. *See State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006); *State v. Cooley*, 468 N.W.2d 833, 837 (Iowa Ct. App. 1991). Ineffective-assistance claims are reviewed de novo. *State v. Albright*, 925 N.W.2d 144, 151 (Iowa 2019). Finally, challenges to the sufficiency of the evidence are reviewed for correction of legal error. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

**III. Discussion**

We first address Dawson's claims relating to his pro se motions for new trial. Specifically, Dawson argues the district court "erred in denying [his] request for a new trial." However, the district court never substantively ruled on the motions for new trial. Rather, because the court considered them to be ex parte correspondence, the court ordered the clerk of court to provide copies to counsel.

---

[1] It appears Dawson made additional filings after he filed his notice of appeal. Post-appeal filings are outside of our appeal record. We decline to review them. *See State v. Smaniotto*, No. 17-0901, 2018 WL 2084830, at *1 (Iowa Ct. App. May 2, 2018).

[2] Hybrid representation is when a defendant partially represents himself but also has the benefit of counsel.

The court also expressly stated it was taking no further action on Dawson's motions.

To the extent Dawson argues the district court erred in not ruling on the motions, we disagree. Of the six pro se motions for new trial filed, only the first two—filed on March 7 and April 9—fell within the forty-five-day window for motions for new trial. *See* Iowa R. Crim. P. 2.24(2)(a). Limiting our review to these two motions, we find the court's conduct was reasonable. By providing counsel a copy, the court put the ball back in defense counsel's court to make appropriate, non-ex-parte filings on Dawson's behalf.

Importantly, this case differs from *State v. Winters*. 690 N.W.2d 903, 909 (Iowa 2005). In *Winters*, the supreme court concluded pro se motions should be considered in the same manner as motions filed by counsel. *See id.* But *Winters* was also careful to recognize the motions in that case were "properly captioned and articulated each claim with clarity." *Id.* But Dawson's motions did not articulate claims with clarity. The March 7 motion provided no claim to consider beyond its caption. And the April 9 motion made only vague allegations that (1) a witness lied, (2) some camera surveillance existed, and (3) a witness named Clayton Neigh existed. Neither motion provided the district court with sufficient information to grant a new trial. Moreover, by providing copies of the motions to counsel, the district court appropriately prompted Dawson's counsel to present any colorable grounds for new trial that might exist. This did not occur.[3]

---

[3] To be clear: We do not imply any comment on the adequacy of counsel's representation.

We also note that, in one of his untimely motions for new trial, Dawson stated, "I was advised I have the right to attack the validity of the verdict. Also to submit video footage." In a responsive order, the district court noted: "Neither issue was raised at sentencing. No further action will be taken." This suggests the court gave Dawson and his counsel an opportunity to present any concerns they may have had—including any requests for a new trial—at sentencing. *See* Iowa R. Crim. P. 2.23(3)(a) & (b). Because Dawson did not provide this court with a sentencing transcript, however, we cannot determine what concerns were actually raised or what rulings were made in response. *Cf.* Iowa R. App. P. 6.803(1).

In short, the record before us does not suggest the district court erred in its treatment of Dawson's motions. Moreover, to the extent Dawson claims his defense counsel was ineffective for failing to further develop motions for new trial or to present exculpatory evidence, we find the current record inadequate to reach the issue.[4] We preserve any claims of that nature for a future postconviction-relief action. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it.").

---

[4] We recognize Iowa Code section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31. In *State v. Macke*, however, our supreme court held the amendment "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). We are bound by our supreme court's holding. We conclude, therefore, the amendment "do[es] not apply" to this case, which was pending on July 1, 2019. *Id.*

We next turn to the sufficiency of the evidence. We will affirm when there is substantial evidence supporting the verdict. *See State v. Webb*, 648 N.W.2d 72, 75 (Iowa 2002). "Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *Id.* at 75–76. "We review the evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the evidence in the record." *Id.* at 76.

Dawson contends there is insufficient evidence to support his conviction for possession of methamphetamine with intent to deliver. "Where, as here, the jury was instructed without objection, the jury instruction becomes law of the case for the purposes of reviewing the sufficiency of the evidence." *State v. Banes*, 910 N.W.2d 634, 639 (Iowa Ct. App. 2018); *accord State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009) ("[Defendant] did not object to the instructions given to the jury at trial. Therefore, the jury instructions become the law of the case for purposes of our review of the record for sufficiency of the evidence."). The jury was instructed:

> The [S]tate must prove all of the following elements of Possession of a Controlled Substance, to-wit: Methamphetamine With Intent to Deliver:
> 1. On or about the 6th of day of August 2017, the defendant knowingly or intentionally possessed methamphetamine.
> 2. The defendant knew that the substance he possessed was methamphetamine.
> 3. The defendant possessed the substance with the intent to deliver a controlled substance.

Dawson contends there was insufficient evidence he possessed the methamphetamine police found on the night of Dawson's arrest. "Unlawful possession of a controlled substance requires proof that the defendant: (1) exercised dominion and control over the contraband, (2) had knowledge of its

presence, and (3) had knowledge that the material was a controlled substance." *State v. Bash,* 670 N.W.2d 135, 137 (Iowa 2003). "In the realm of controlled substance prosecutions, possession can be either actual or constructive." *State v. Cashen*, 666 N.W.2d 566, 569 (Iowa 2003). "A defendant has actual possession of the drugs if he or she has 'direct physical control' over the drugs. Possession is constructive where the defendant has knowledge of the presence of the drugs 'and has the authority or right to maintain control of [them].'" *Id.* (alteration in original) (citations omitted).

We conclude there is sufficient evidence to show Dawson had actual possession of the methamphetamine. "Actual possession may be shown by direct or circumstantial evidence." *State v. Vance*, 790 N.W.2d 775, 784 (Iowa 2010) (citation omitted). And actual possession can be shown (1) when contraband is found in the defendant's possession or (2) when it can be shown the contraband was in the defendant's physical possession at some point in time. *See State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014); *Vance*, 790 N.W.2d at 784.

When Dawson saw a police vehicle, he sped away. He ran stop signals. He fled on foot. And he hid from police for roughly thirty minutes before he was discovered. From this information, a jury could infer Dawson was evading police because he was doing something illegal. And the baggie of methamphetamine was found in the area where Dawson fled. Its condition made clear it was recently placed there. There was no debris on top of it, and it was "sitting on top of the grass." Taking all of these facts in the light most favorable to the State, a jury could reasonably infer Dawson tried to evade police because he possessed the methamphetamine and knew it was contraband. Then he abandoned it in the

grass as he ran away and hid.  *See State v. Perry*, No. 16-0884, 2017 WL 2876242, at *2 (Iowa Ct. App. July 6, 2017); *State v. Eubanks*, No. 13-0602, 2014 WL 2346793, at *4 (Iowa Ct. App. May 29, 2014).  *But see State v. Taylor*, No. 07-1186, 2009 WL 139502, at *3 (Iowa Ct. App. Jan. 22, 2009).

Finally, we turn to Dawson's weight-of-the-evidence challenge.  A district court makes a weight-of-the-evidence determination when considering a motion for new trial.  *See State v. Reeves*, 670 N.W.2d 199, 201 (Iowa 2003).  "On a weight-of-the-evidence claim, appellate review is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence."  *Id.* at 203.  Here the district court did not rule on the motions for new trial.  The court made no weight-of-the-evidence determination.  So we have nothing to review.  *Cf.* Iowa Code § 602.5103(1) (stating "[t]he court of appeals . . . constitutes a court for the correction of errors at law"); *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *State v. Ashburn*, 534 N.W.2d 106, 109 (Iowa 1995) ("Ordinarily, issues must be raised and decided by the trial court before they may be raised and decided on appeal.").

This record reveals no reversible error.  So we affirm the district court.

**AFFIRMED.**